UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Ann Cortez, § | | |
|    Plaintiff § | | |
| § | | |
|    vs. § | CIVIL ACTION NO.  3:08-CV-801-K | |
| § | | |
| Raytheon Company; § | | |
|    Defendant § | JURY | |

**Plaintiff's Response to Defendant's Motion for Summary Judgment**

To the Honorable United States District Court:

Plaintiff Ann Cortez responds to Defendant Raytheon Company's motion for summary judgment ("Motion") and respectfully shows the Court as follows:

### I. Legal and Factual Grounds Upon Which Cortez Relies

Each of the required matters set forth in Local Rule 56.4(a) is set forth in Cortez's supporting brief.

### II. Summary of the Argument

A.  Raytheon's Motion is one for partial summary judgment, as Raytheon has not asserted grounds for dismissal of Cortez's claims brought under section 12102(2)(B) and ( C) of the Americans with Disabilities Act ("ADA") and corresponding provisions of Chapter 21 of the Texas Labor Code; *see* 42 U.S.C. § 12102(2)(B), ( C); TEX. LAB. CODE ANN. § 21.002(6).

B.  Cortez has presented sufficient evidence to create a genuine issue of material fact that she was (1) qualified for her position and (2) Raytheon terminated her employment on the basis of her disability.

C.  Cortez has presented sufficient evidence to create a genuine issue of material fact that

**Plaintiff's Response to Defendant's Motion for Summary Judgment - Page 1**

Raytheon retaliated against her for bringing claims under the ADA and Texas Labor Code as she (1) has established a causal link between her protected activity and Raytheon's failure to rehire her and (2) has established that Raytheon decided not to rehire her because she filed a lawsuit or complained of discrimination.

D.   Cortez has asserted a valid claim under section 510 of the Employee Retirement Income Security Act ("ERISA") as (1) the Raytheon medical leave of absence plan as a matter of law is an ERISA plan; (2) she has presented sufficient evidence to create a genuine issue of material fact that Raytheon intentionally interfered with her rights under ERISA; (3) she was qualified for her position; (4) she has presented direct evidence to establish that Raytheon terminated her employment to interfere with her right to ERISA benefits; and (5) Raytheon is the proper entity against which to bring suit for lost benefits under the Raytheon medical plan.

E.   Raytheon is not entitled to summary judgment on its affirmative defense of after-acquired evidence as it has failed to meet its burden to establish that Cortez violated any company policy or engaged in conduct that would warrant her termination.

F.   Cortez has presented sufficient evidence to establish a claim for failure to accommodate her disability, as Raytheon knew she was unable to return to work in November 2006 due to her disability but terminated her employment without offering her reasonable accommodation.

G.   Cortez is not pursuing her claim of gender discrimination.

### III.  Request for Relief

.   Plaintiff Ann Cortez respectfully requests this Court to deny defendant's motion for summary judgment and to grant plaintiff such relief to which the Court finds her entitled.

**Plaintiff's Response to Defendant's Motion for Summary Judgment - Page 2**

        Respectfully Submitted,

        **Greer & Shropshire, L.L.P.**

        Lawrence B. Greer
        Texas Bar No. 08417350
        50 Briar Hollow Road
        Suite 310 East
        Houston, Texas   77027
        713.223.0175
        713.223.0174 (Fax)
        lgreer@greerandshropshire.com

        /s/ Karen G. Shropshire
        By:  Karen G. Shropshire
        Texas Bar No. 08417150
        300 Preston Commons West
        8117 Preston Road
        Dallas, Texas  75225
        214.706.9250
        214.706.9251 (Fax)
        kshropshire@abttx.com

        **Attorneys for Plaintiff**

### Certificate of Service

I certify that on August 4, 2009, I electronically filed with the Court the foregoing response. As such, the document was served on defendant's counsel as I believe they have consented to electronic service through the Court's CM/ECF system.

        /s/ Karen G. Shropshire
        Karen G. Shropshire